# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

ALISA EASTEP, as surviving spouse for )
KEVIN EASTEP, )
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　　　) No. 05-3107-CV-S-FJG-SSA
　　　　　　　　　　　　　　　　　　　　　　　)
JOANNE BARNHART, )
Commissioner, Social Security )
Administration )
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Defendant. )

# ORDER

　　　　Currently pending before this Court is defendant's Motion to Reverse and Remand (Doc. #7).

　　　　Agency counsel states that after review of the above referenced case, agency counsel requested the Appeals Council to reconsider the Commissioner's decision. Upon review, the Appeals Council determined that remand was appropriate. Remand was considered necessary because testimony given by the vocational expert, upon which the ALJ relied was internally inconsistent. Agency counsel states that upon remand the ALJ will be directed to obtain supplemental vocational evidence and issue an on-the-record decision.

　　　　Plaintiff opposes the Motion to Remand and instead urges the Court to reverse the ALJ's decision without remanding the case and award plaintiff's surviving spouse benefits. Plaintiff states that the record has been fully developed and does not need to be supplemented. Additionally, plaintiff argues that the overwhelming weight of the

evidence supports plaintiff's claim of disability. Plaintiff argues that the ALJ recognized that Mr. Eastep was unable to perform sedentary work and as he cannot perform work in the national economy, the only appropriate outcome is a finding of disability.

In Buckner v. Apfel, 213 F.3d 1006 (8th Cir. 2000), the Court stated, "when a claimant appeals from the Commissioner's denial of benefits and we find that such a denial was improper, we, out of our abundant deference to the ALJ, remand the case for further administrative proceedings. . . . Consistent with this rule, we may enter an immediate finding of disability only if the record overwhelmingly supports such a finding." Id. at 1011 (internal citations and quotations omitted). After reviewing the record, the Court does not find that the record "overwhelmingly supports" a finding that Mr. Eastep is entitled to benefits. While this may be the end result, the ALJ must correctly weigh and evaluate the evidence, including evidence from a vocational expert, and then make a determination regarding plaintiff's application for benefits. In Baker v. Apfel, 159 F.3d 1140, 1144 (8th Cir. 1998), the Court stated, "[i]f a hypothetical question does not include all of the claimant's impairments, limitations, and restrictions, or is otherwise inadequate, a vocational expert's response cannot constitute substantial evidence to support a conclusion of no disability." In this case, the vocational expert was asked that if the evidence showed that a claimant was limited to light work that could be done standing or sitting at the person's will, with the limitation of no continuous repetitive use or overhead work using the upper extremities, right or left, and no working at unguarded heights driving or operating heavy equipment, would the claimant be capable of doing his past work. The vocational expert replied that he could not. However, the Vocational Expert testified that the claimant could perform the jobs of

either an office worker or a mail clerk.  However, when the claimant's attorney asked the expert whether the jobs which she described would require an individual to use both arms continuously throughout the workday, she testified that these jobs would require that ability. This directly contradicts the ALJ's hypothetical where he found that the claimant was limited to no continuous use of his upper extremities.  Accordingly, the Court finds that remand is necessary in order to allow the ALJ to elicit further testimony from the vocational expert.

Therefore, this Court hereby **ORDERS** that the Administrative Law Judge's decision is **REVERSED** and this case is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

Date: September 6, 2005                                 **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                  Fernando J. Gaitan, Jr.
                                                                   United States District Judge